**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**ELIJAH ANDERSON,**

**Plaintiff,**

**vs.** **Civ. No. 06-0111 MCA/LCS**

**G.E.O. GROUP INC., SECURITY STAFF AT G.C.C.F. - WARDENS T. HATCH, I. RENTERIA, J. BEAIRD, M. JOHNSON - AND THOSE WHO ELSE FALL UNDER G.C.C.F. SECURITY CAPACITY,**

**Defendants.**

**MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court upon Defendants' Answer (Doc. 7), which the Court construed as a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA").[1] (*See* Doc. 8.) On February 16, 2006, the assigned United States District Judge referred this matter to the undersigned United States Magistrate Judge to submit proposed findings of fact and recommendation for the disposition of this case pursuant to 28 U.S.C. §

[1] "A court can dismiss a complaint that does not comply with the PLRA's exhaustion requirement even in the absence of a motion by the defendant." *Kiro v. Moore*, Civ. No. 03-1223, Doc. 22 at 8 (D.N.M. Apr. 28, 2005) (citing 42 U.S.C. § 1997e(c)(1)). Section 1997e(c)(1) "requires courts to dismiss actions that fail to state a claim, even without a defense motion. *Id.* (citing *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003)).

Plaintiff alleges that Defendants failed to serve him with a copy of their Answer. (Doc. 12 at 1.) Plaintiff moved for default judgment to be entered in his favor because of the "prejudice" the Defendants' failure caused Plaintiff. (*Id.*) Defendants contend that they did serve their Answer on Plaintiff, and point the Court to the Certificate of Service included on the last page of their Answer. (Doc. 7 at 4.) Neither the Answer nor the Certificate of Service, however, are signed. (*Id.*) Regardless, the Court not only notified Plaintiff of the grounds on which the Court construed Defendants' Answer as a motion to dismiss, but also included the relevant caselaw such a motion is premised on. (*See* Doc. 8.) I recommend a finding that even assuming Plaintiff did not receive Defendants' Answer, Plaintiff was not prejudiced, and his motion for default judgment should be denied.

636(b)(1)(B). (Doc. 5.) The motion to dismiss is fully briefed and the Court finds there is no need for an evidentiary hearing. (*See* Docs. 7, 12, 13.) The United States Magistrate Judge, having considered the submissions of the parties, the relevant law, and being otherwise fully advised, finds that Defendants' motion is well-taken and should be **GRANTED**.

## PROPOSED FINDINGS

### I. FACTUAL BACKGROUND

1. Plaintiff, a *pro se* litigant proceeding *in forma pauperis*, filed a Civil Rights Complaint in this Court on February 8, 2006, alleging that Defendants' actions in handcuffing Plaintiff too tightly for an extended period of time violated Plaintiff's constitutional rights.[2] (Doc. 1.) Specifically, Plaintiff, who is and was at all times relevant to this action a prisoner at Guadalupe County Correctional Facility, alleges that he was taken to a Santa Rosa, New Mexico hospital on April 6, 2005 for treatment of acute pancreatitis. (*See* Docs. 1 at 2; 12, Ex. at 7[3].) While being treated, Plaintiff and the hospital staff asked the prison corrections officers several

---

[2] Plaintiff lists his claims as "pain and suffering" and "negligence." (Doc. 1 at 3.) The United States Supreme Court has previously rejected a § 1983 claim because, generally, "injuries inflicted by governmental negligence are not addressed by the United States Constitution." *Daniels v. Williams*, 474 U.S. 327, 333 (1986). Because I will not reach the merits of Mr. Anderson's claims, I will not address whether they are properly brought pursuant to § 1983, and will construe them as allegations of excessive force in violation of his federal constitutional rights and as tort claims under state law.

It is unclear whether Mr. Anderson is serving a criminal sentence or being held for trial. "[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment[,]" whereas "[a]fter conviction, the Eighth Amendment 'serves as the primary source of substantive protection . . . in cases . . . where the deliberate use of force is challenged as excessive and unjustified.'" *Graham v. Connor*, 490 U.S. 386, 295 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-539 (1979); quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). This distinction is meaningless to this case, however, because I am not reaching the merits of Mr. Anderson's federal claims.

[3] Defendant attached several records to his Response, but did not identify them by exhibit or page numbers. (*See* Doc. 12.) I will refer to them collectively as one exhibit and will paginate them beginning at page 1 with the "Inmate Grievance Form." Page 7, cited above, is the "New Mexico Corrections Department CNMCF/LTCU History and Physical Form."

times to remove or loosen his handcuffs, because they were cutting into his skin. (Doc. 1 at 2.) The officers did not comply, and Plaintiff remained handcuffed for two days, sustaining injuries to his wrists. (Docs. 1 at 2-3; 12, Ex. at 1-3.)

## II. STANDARD GOVERNING A MOTION TO DISMISS

2. A motion to dismiss based on a failure to exhaust administrative remedies may properly be analyzed under the standards of FED. R. CIV. P. 12(b)(6). *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir.2003). The Tenth Circuit has held that a "prisoner is required to plead exhaustion and provide evidence of exhaustion. If he does not, he has failed to state a claim and the complaint is vulnerable to dismissal." *Id.* "In deciding a Rule 12(b)(6) motion based on exhaustion, the court may consider the attached administrative materials." *Id.* (citing *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001)). In this case, I will consider the materials attached to Plaintiff's Memorandum in Support of Motion of Supporting Evidence, Plaintiff's Response to Defendants' Motion to Dismiss, and Defendants' Reply in Support of Motion to Dismiss. (*See* Docs. 10, Ex. at 1-5; 12, Ex. at 1-7; 13, Ex. A-B.) I am mindful that Plaintiff is proceeding *pro se* in this matter, but that fact does not relieve him from the requirements of exhaustion. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## III. ANALYSIS

### A. Mr. Anderson's Federal Claims Must Be Dismissed Because He Has Not Established that He Exhausted His Administrative Remedies as Required By the PLRA.

3. Section 1997e(a) of the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a

prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory: Mr. Anderson "must, as a matter of law, exhaust administrative remedies before filing this lawsuit, as his claims fall within the scope of the PLRA." *Kiro v. Moore*, Civ. No. 03-1223, Doc. 22 at 9-10 (D.N.M. Apr. 28, 2005) (citing *Porter v. Nussle*, 534 U.S. 516, 520, 532 (2002); *Yousef v. Reno*, 254 F.3d 1214, 1221 (10th Cir. 2001)); *see also Booth v. Churner*, 532 U.S. 731, 741 (2001). The Tenth Circuit has placed the burden of establishing exhaustion on the prisoner; if Mr. Anderson does not satisfy his burden of proof, dismissal of his lawsuit is proper. *See Steele*, 355 F.3d at 1210-12. Mr. Anderson has failed to satisfy this burden.

4. In his Complaint, Plaintiff asserts that he exhausted available administrative remedies because he filed grievances with company headquarters and a supervising officer, and he gave notice of a tort claim to the Risk Management Division; he received no relief from his efforts. (Doc. 1 at 4-5.) Plaintiff provides proof of these procedures by attaching his Inmate Grievance Form and a reply letter from the General Services Department Risk Management Division. (Docs. 10, Ex. at 5[4];12, Ex. at 1-5.) These materials do not provide sufficient evidence that Plaintiff fully exhausted the administrative remedies.

5. Defendants have provided the Inmate Grievance Policy and Procedure in place at the Guadalupe County Correctional Facility. (Doc. 13 at 4, Ex. A.) It appears that Plaintiff completed only the first three out of four steps required in the grievance procedure. (*See id.*) To

[4] Defendant attached several records to his Memorandum in Support of Motion of Supporting Evidence, but did not identify them by exhibit or page numbers. (*See* Doc. 10.) I will refer to them collectively as one exhibit and will paginate them beginning at page 1 with the "New Mexico Corrections Department CNMCF/LTCU History and Physical Form." Page 5, cited above, is the letter dated Aug. 17, 2005 from Ms. Velma Herrera, Claims Manager for General Services Department, Risk Management Division.

begin the grievance process, Mr. Anderson submitted a written Inmate Grievance Form to the Grievance Officer. (*See* Docs. 12, Ex. at 3; 13, Ex. A at 1-3.) It appears the Grievance Officer received the form on April 29, 2005 and completed the Grievance Officer's report portion of the Inmate Grievance Form, recommending that Plaintiff's grievance be denied.[5] At step three of the Grievance Policy, the Warden approved the Grievance Officer's recommendation on August 30, 2005, noting that "staff actions were appropriate." (Doc. 13, Ex. A at 3-5, Ex. B at 5.) Step four provides that "[i]f an inmate is not satisfied with the decision of the Warden, the inmate may appeal that decision to the Secretary . . . for final review. The inmate may appeal by completing the appeal portion of the Inmate Grievance Form and delivering the form to the Grievance Officer . . . ." (Doc. 13, Ex. B at 5.) There is no evidence that Mr. Anderson appealed the warden's decision, nor does he assert that he submitted any such appeal. Plaintiff did submit a copy of the Inmate Grievance Form which has a portion dedicated to such an appeal; however, the only thing written in that portion is the notation "within 7 calendar days," which I presume the Grievance Officer wrote to remind Plaintiff that he had to appeal from the Warden's decision within a certain time frame. (Doc.12, Ex. at 4; *see also* Doc. 13, Ex. B at 4.)

6. "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies."

---

[5] The Inmate Grievance Policy and Procedure requires inmates to file grievances within fifteen calendar days of either the date of the incident or the date a court "dismisses or stays a civil suit for failure to exhaust administrative remedies[,]" whichever is later. (Doc. 13, Ex. A at 1.) Assuming Mr. Anderson filed his grievance on the same date the Grievance Officer recorded its receipt, Plaintiff filed the grievance 21 days after he returned from the hospital – six days past the deadline. (*See* Doc. 13, Ex. B at 1, 3.) This delay is minor, however, when viewed in light of the Grievance Officer's own delay. Step two of the Policy states that "[t]he investigation by the Grievance Officer and his/her report and recommendation will be completed and delivered to the Warden for review within 20 calendar days from receipt of the inmate's grievance . . . ." (Doc. 13, Ex. A at 3.) Adhering to the policy, the Grievance Officer should have made his report on May 19, 2005; instead, his recommendation is dated August 30, 2005 – approximately three months past the deadline. (Doc. 13, Ex. B at 4-5.)

*Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). Plaintiff did not complete the administrative grievance procedures in place at the Guadalupe County Correctional Facility, so he is now barred from pursuing his § 1983 claims here. *Id.* Further, the fact that Mr. Anderson "gave notice of his claims to [the Risk Management Division] by means other than the grievance process" is of no help to him – "the doctrine of substantial compliance does not apply."[6] *Id.* Because Mr. Anderson "did not meet the pleading requirements for sustaining his federal claim[,]" his federal claims should be dismissed without prejudice. *Kiro*, Civ. No. 03-1223, Doc. 22 at 11 (citation omitted); *see also Steele*, 335 F.3d at 1212-13 (noting that "[a] dismissal based on lack of exhaustion . . . should ordinarily be without prejudice").

**B. Plaintiff's State Law Claims Should Be Dismissed.**

7. To the extent Plaintiff's Complaint alleges any state law claims, those claims should also be dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3). "The exercise of supplemental jurisdiction is discretionary." *New Mexico v. General Electric Co.*, 335 F. Supp. 2d 1157, 1176 (D.N.M. 2003) (citation omitted). A federal district court may decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction . . . ." § 1367(c)(3). And as Defendants point out, state law also requires exhaustion of "the corrections department's internal grievance procedure[,]" which Mr. Anderson has failed to do. N.M. STAT. 32-2-11(B) (1978). (*See also* Doc. 13 at 2.) Because I have recommended that Plaintiff's federal claims be dismissed in their entirety, I further recommend this Court decline to exercise supplemental jurisdiction over Plaintiff's state law

---

[6] At any rate, the Risk Management Division is an improper defendant because it does not insure Guadalupe County Correctional Facility; therefore, notice to that company was essentially meaningless. (Doc. 10, Ex. at 5.)

claims.

**RECOMMENDED DISPOSITION**

I recommend that Defendants' Answer, which the Court construed as a Motion to Dismiss, be **GRANTED** due to Plaintiff's failure to fully exhaust the available administrative remedies. (Doc. 7.) I recommend that Plaintiff's federal claims be dismissed without prejudice. To the extent any state claims are not disposed of, I recommend that this Court deny supplemental jurisdiction and dismiss them without prejudice. I also recommend that Plaintiff's Motion for Default Judgment (Doc. 12) be **DENIED**.

Objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Boulevard N.W., Albuquerque, NM 87102. A party must file any objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**